# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 8, 2022

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CAROL WILKINSON, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 18-1829V |
| | \* | |
| v. | \* | Special Master Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Verne E. Paradie, Jr., Paradie & Rabasco, Lewiston, ME, for Petitioner.
David M. O'Dea, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 29, 2018, Carol Wilkinson ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of an influenza ("flu") vaccination administered on December 1, 2015, Petitioner developed polymyalgia rheumatica. Amended Petition at 2 (ECF No. 39).

On July 5, 2022, Petitioner filed a motion for interim attorneys' costs, requesting compensation for the costs associated with expert fees. Petitioner's Motion for Interim Costs

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

("Pet. Mot."), filed July 5, 2022 (ECF No. 79). Petitioner requests a total of $17,650.00 in attorneys' costs solely for expert fees. Pet. Mot., Exhibit ("Ex.") A at 1.

Respondent filed his response on July 12, 2022, stating that he "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response to Pet. Mot. ("Resp. Response"), filed July 12, 2022, at 3 (ECF No. 80).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $8,375.00 in expert fees.

## I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The instant claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' costs is appropriate here where there are expert fees to be paid.

### A. Reasonableness of the Requested Award

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her]

experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

While attorneys' fees were not requested here, attorneys' costs, including expert fees, must be reasonable as well. Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Reasonable expert fees are also calculated using the lodestar method. Simon v. Sec'y of Health & Hum. Servs., No. 05-941V, 2008 WL 623833, at *1 (Fed. Cl. Spec. Mstr. Feb. 21, 2008). That is, the number of hours reasonably expended by the expert on the litigation multiplied by a reasonable hourly rate. Id.

### B.  Reasonable Hourly Rate for Expert Fees

For the services of her medical expert, Dr. Petros Efthimiou, Petitioner requests $17,650.00. Pet. Mot., Ex. A at 1. This total was calculated based on 2.75 hours of work at a rate of $600.00 per hour and 16.00 hours of work at a rate of $1,000.00 per hour, completed between January 1, 2021 and June 16, 2022.[3] Id.

Petitioner must demonstrate the costs incurred were reasonable and must provide "reasonably specific documentation" to substantiate the costs. O'Neill v. Sec'y of Health & Hum. Servs., No. 08-243V, 2015 WL 2399211, at *15 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (quoting Ceballos ex rel. Ceballos v. Sec'y of Health & Hum. Servs., No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)); Simon, 2008 WL 623833, at *2. The special master's determination regarding the reasonableness of an expert's hourly rate includes considering the area of expertise; education and training; prevailing rates of other comparable experts; and "the nature, quality, and complexity of the information provided." Baker v. Sec'y of Health & Hum. Servs., No. 99-653V, 2005 WL 589431, at *3-5 (Fed. Cl. Spec. Mstr. Feb. 24, 2005). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d at 1521 (quoting Hensley, 461 U.S. at 434).

Prior to this case, Dr. Efthimiou's Vaccine Program hourly rate has not yet been determined. Dr. Efthimiou is board certified in internal medicine and rheumatology. Pet. Ex. 21 at 3 (ECF No. 35). He is currently an associate professor of medicine at Ross University Medical School and St. George's University School of Medicine, and he has held similar positions at New York University School of Medicine, Weill Cornell Medical College, and Rutgers New Jersey Medical School. Id. at 2. He is also currently an attending physician at

---

[3] Records submitted by Petitioner show that Dr. Efthimiou spent a total of 0.25 hours in January 2021(emailing with the client, 0.50 hours in April 2022 emailing the client and rescheduling patients, 2.00 hours preparing for the hearing (referenced as a deposition) in June 2022, and 18.00 hours in June 2022 preparing for Petitioner's hearing.

Cobble Hill Hospital Center. Id. Dr. Efthimiou has also co-authored over 100 publications. Id. at 10-15.

Physicians with similar qualifications have received an hourly rate of $400.00 to $500.00. See, e.g., Apuzzo v. Sec'y of Health & Hum. Servs., No. 17-1915V, 2021 WL 4305223, at *3 (Fed. Cl. Spec. Mstr. Aug. 23, 2021) (finding an hourly rate of $500.00 reasonable for a board-certified rheumatologist); Pankiw v. Sec'y of Health & Hum. Servs., No. 15-1082V, 2019 WL 6125005, at *4 (Fed. Cl. Spec. Mstr. Oct. 21, 2019) (finding an hourly rate of $500.00 reasonable for a board-certified rheumatologist); Striker v. Sec'y of Health & Hum. Servs., No. 18-56V, 2020 WL 1028901, at *4 (Fed. Cl. Spec. Mstr. Feb. 6, 2020) (finding an hourly rate of $400.00 reasonable for a board-certified rheumatologist); Sicard v. Sec'y of Health & Hum. Servs., No. 16-332V, 2019 WL 6462385, at *6 (Fed. Cl. Spec. Mstr. Nov. 4, 2019) (finding an hourly rate of $400.00 reasonable for a board-certified rheumatologist).

In this case, Dr. Efthimiou has submitted one thorough expert report and provided subsequent updates to that report. Pet. Ex. 17 (ECF No. 33); Pet. Ex. 22 (ECF No. 60). He also agreed to prepare and provide expert testimony at the hearing for this case. Pet. Mot., at 1. The undersigned finds Dr. Efthimiou's experience relevant to Petitioner's claim.

Concerning Dr. Efthimiou's requested rates of $600.00 and $1,000.00, the undersigned finds both rates to be excessive. Both rates exceed the amount given to other board-certified rheumatologists with similar qualifications. Petitioner has submitted no evidence justifying this higher hourly rate. In addition, a hearing has not been held in this case. Therefore, it is difficult to access Dr. Efthimiou's total value to this case until the hearing has been held.

Therefore, considering Dr. Efthimiou's qualifications and experience as a board-certified rheumatologist, the prevailing rates of other similar experts being between $400 and $500, the expert reports Dr. Efthimiou submitted, and the preparation he undertook to testify as a relevant expert in this case, the undersigned finds $500.00 to be a reasonable rate for Dr. Efthimiou's work in the case.[4]

### C. Reasonable Hours Expended by Expert

In addition to providing evidence to substantiate the expert's hourly rate, the Petitioner must also monitor expert fees to ensure they remain reasonable. See Van Vessem v. Sec'y of Health & Hum. Servs., No. 11-132V, 2018 WL 3989517, at *10 (Fed. Cl. Spec. Mstr. July 3, 2018). The expert should only be compensated for the number of hours reasonably expended by the expert on the litigation. O'Neill, 2015 WL 2399211, at *16. The special master may use her experience and judgment to determine "the reasonableness of the number of hours expended by an expert under the circumstances in a particular case." Id.

---

[4] The undersigned may reconsider the reasonableness of the hourly rate going forward based on additional factors including the quality of Dr. Efthimiou's testimony.

Invoices provided by Petitioner show Dr. Efthimiou spent 18.75 hours on pre-hearing work, which can be summarized as follows:

0.25 hours at $600.00 per hour
Emailing client, January 1, 2021

0.50 hours at $600.00 per hour
Emailing client and rescheduling patients, April 27, 2022

2.00 hours at $600.00 per hour
Prep deposition (hearing), June 14, 2022

16.00 hours at $1,000.00 per hour
Hearing, June 15-16, 2022

Pet. Mot., Ex. A at 1.

The undersigned finds the time spent by Dr. Efthimiou on June 14, 2022 to be unreasonable. Petitioner's expert claims these hours were spent preparing for the hearing. Pet. Mot., Ex. A at 1. However, due to an illness of Petitioner, the hearing was rescheduled on June 13, two days before the hearing was scheduled to take place and one day before the billing entry. See Order dated June 13, 2022 (ECF No. 78). It is Petitioner's responsibility to monitor expert fees to ensure they are reasonable. Perreira v. Sec'y of Health & Hum. Servs., No. 90-847V, 1992 WL 164436, at *4 (Fed. Cl. Spec. Mstr. June 12, 1992). Therefore, Petitioner's counsel was responsible for notifying Dr. Efthimiou that the hearing had been cancelled before Dr. Efthimiou began his preparations. This results in a reduction of two hours of time.

The undersigned finds the rest of the billed time to be reasonable. Dr. Efthimiou is the only expert witness in this case, and therefore, was required to clear his schedule to testify on Petitioner's behalf. Pet. Mot. at 1. Dr. Efthimiou ensured he was prepared to testify by clearing his calendar of patient appointments for the hearing dates. Id. Because the hearing was cancelled two days before it was scheduled to begin, it would be unreasonable to expect Dr. Efthimiou to reschedule patients for those two days on short notice. As a result, Dr. Efthimiou presumably lost income for those two days. Additionally, Respondent did not specifically object to paying Dr. Efthimiou for these two days. Given these circumstances, the undersigned finds it reasonable to award fees to Dr. Efthimiou for the two days he was expected to attend and testify in an entitlement hearing in this matter.

Therefore, the hours submitted are reduced by two hours resulting in a total of 16.75 hours. The reduction in Dr. Efthimiou's hourly rate results in a total reduction of $9,275.00.[5]

---

[5] $17,650.00 – (16.75 hours x $500.00) = $9,275.00

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Requested Expert Fees: | $ 17,650.00 |
| Reduction of Expert Fees: | - ($ 9,275.00) |
| Awarded Expert Fees: | $ 8,375.00 |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $8,375.00, representing reimbursement for reasonable interim costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Verne E. Paradie, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.